OPINION
Appellant, the Delaware County Sheriff's Office ("appellant") appeals from the judgment entered in the Delaware County Court of Common Pleas on January 24, 2000, which judgment affirmed an arbitrator's opinion and award regarding the legality of a transfer of a Sheriff's deputy from his permanent position with the Court Security Division of the Delaware County Court of Common Pleas to a position in the Patrol Division of the Sheriff's office. Appellant has failed to comply with App.R. 16(A) by failing to set forth a statement of the Assignments of Error presented for review. On this basis alone, this Court could dismiss the within appeal. However, in the interest of justice, this Court shall conduct a merit review of this matter. The following facts are not in dispute. In February of 1998, Deputy James Miller, a Deputy Sheriff in the Delaware County Sheriff's Office, was transferred from his position as a road patrol deputy to the position of court security deputy. As a member of the Deputy Sheriff's bargaining unit represented by appellee, the Ohio Patrolmen's Benevolent Association ("appellee"), Deputy Miller's transfer was governed by the collective bargaining agreement entered into between appellant and appellee. The following relevant provisions of the collective bargaining agreement governs transfers and assignments: Anytime a position is posted which the Sheriff intends to fill, the posted position shall be filled according to the listed criteria in Section (B)(2) below. However, each position filled pursuant to this section shall be subject to a one hundred twenty (120) day probationary period. The Sheriff shall have the sole discretion to evaluate the performance of the employee during the probationary period. Any employee remaining in a position subsequent to the one hundred twenty (120) day period will be deemed to be qualified for the position and may only be removed for just cause. The Sheriff determines all transfers and assignments. A transfer occurs when the Sheriff moves a Deputy from one shift schedule to another, from one division to another, or changes his days off. Assignments are those duties required of a Deputy in the position in which he has been placed to work. The Sheriff shall exercise ordinary and reasonable discretion in making transfers and assignments. The Sheriff shall not transfer or assign any Deputy without just cause.
In this case, Deputy Miller completed his probationary period in the court security position in June of 1998. As such, pursuant to the above-quoted provisions of the collective bargaining agreement at issue, Deputy Miller could not be removed from his position in court security "without just cause." According to the record before us, Deputy Miller competently performed his duties in the court security position, without incident, from March, 1998 through February 11, 1999. Although there was an incident in January of 1999, where Deputy Miller received a "friendly heads up" from his supervisor regarding allegations of socializing with Judge Shaw's secretary during work hours, no disciplinary action was taken against Deputy Miller and the alleged socializing incident was corrected. On February 11, 1999, Deputy Miller was notified by his supervisor that he was being transferred from his position as court security deputy to his former position as road patrol deputy. Deputy Miller was neither provided an explanation as to the cause of the transfer, nor provided an opportunity to respond. Deputy Miller timely filed and processed a grievance under the collective bargaining agreement appealing this transfer. During the grievance process, it was admitted that the sole reason for the transfer was because Judge Shaw of the Delaware County Court of Common Pleas requested the transfer. In other words, there was no evidence of wrongful conduct on the part of Deputy Miller that served as a basis for the transfer. The grievance proceeded to arbitration where, in a well-reasoned and well-written opinion, the arbitrator sustained the grievance and restored Deputy Miller to his assignment in the court security division. The Sheriff's Office moved the Delaware County Court of Common Pleas to vacate the arbitrator's award, pursuant to R.C. 2711.10, et seq. By judgment entered January 24, 2000, the Common Pleas Court denied the Sheriff's motion to vacate and affirmed the arbitrator's award. This matter now comes before this Court for our review. As stated above, appellant has failed to set forth a statement of the Assignments of Error presented for review. As such, we must glean from appellant's brief the claimed errors. It appears that appellant first maintains the arbitrator's decision in this case was arbitrary, capricious, unlawful, and contrary to public policy. We disagree. First, as stated above, once Deputy Miller completed his probationary period in the court security division, Deputy Miller obtained vested rights in that position and could not be removed or, otherwise, transferred without "just cause", pursuant to the collective bargaining agreement. As stated before, this record contains no evidence of wrongdoing on the part of Deputy Miller that would support a finding that he had been transferred from the court security division for just cause. Instead, appellant maintains the transfer was based upon sound public policy. It is appellant's position that the transfer made pursuant to the request by a Common Pleas Court Judge should be upheld even in the absence of "just cause". We disagree. While we believe the Common Pleas Court's request is a matter to be considered by the Sheriff, such a request cannot, by itself, override or invalidate the lawful contractual provisions of the collective bargaining agreement regarding transfers.
For these reasons, the trial court's judgment is hereby affirmed.
Reader, V.J. Farmer, P.J. and Edwards, J. concur.